**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Alan Nix,<br><br>          Plaintiff,<br>   v.<br><br>Michael Scarborough, *et al.*<br><br>          Defendants. | Case No. 2:25-cv-481-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this action be dismissed without prejudice for failing to provide the necessary documents to bring his case into proper form. (Dkt. No. 13). The Magistrate Judge advised Plaintiff that if he did not file written objections to the R&R within 14 days, this Court would proceed with a clear error review, and Plaintiff would waive his right to appeal this Court's Order. *Id*. at 7. Plaintiff filed no objections to the R&R. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's action without prejudice.

**Legal Standard**

**A. Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or

1

in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

Plaintiff filed no response to the Magistrate Judge's Proper Form Order, and the Magistrate Judge thereafter recommended that the case be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. The R & R was mailed to the address provided by the Plaintiff and was returned as undeliverable. (Dkt. No. 15, 16). Plaintiff was advised by the Magistrate Judge of his duty to advise the Court of any changes in his address. (Dkt. No. 6).

## Conclusion

Under these circumstances, the Court finds that dismissal of this action without prejudice under Rule 41(b) is the proper course of action. Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 13) as the order of the Court and **DISMISSES THIS ACTION WITHOUT PREJUDICE**

**AND IT IS SO ORDERED.**

                                                          s/ Richard Mark Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

October 16, 2025
Charleston, South Carolina